Matthew M. Boley (8536)
Michael D. Kendall (11404)
**PARSONS KINGHORN HARRIS, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
E-mail: mmb@pkhlawyers.com
E-mail: mdk@pkhlawyers.com

*Special Counsel for* Philip G. Jones, Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br>**DONALD WESLEY DENNETT,**<br>Debtor. | Bankruptcy No. 10-21685 WTT<br>Chapter 7<br>Honorable William Thomas Thurman |

### TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY FREE AND CLEAN OF LIENS

Philip G. Jones (the "**Trustee**"), the duly appointed Chapter 7 trustee of the estate (the "**Estate**") of Donald Wesley Dennett (the "**Debtor**"), through counsel, moves this Court for an order approving the sale between the Trustee and the Town of Springdale, a Utah municipal corporation ("**Springdale**") on the terms and conditions set forth below (the "Motion"). The asset to be sold is the Estate's interest in a ½ share of water stock in the Springdale Consolidated Irrigation Company as evidenced by Stock Certificate No. 608 (the "Property"). The Property will be sold to Springdale on the following terms and conditions:

1.   Subject to this Court's approval, the Trustee has entered into an agreement for the sale of the Property pursuant to the terms of the Water Stock Purchase Agreement attached as Exhibit A.

2.   The total purchase price is $1,750.00, payable by Springdale to the Trustee in one lump sum payment.

{00184018.DOCX /}

3.  The Property shall be sold on an "as is" basis and the Trustee is not making any representations or warranties to the buyers.

4.  The Trustee's obligation to complete the sale of the Property to the Debtor is subject to the Trustee not receiving any higher or better offers.

5.  Based on the Trustee's unsuccessful attempts to sell the Property to other potentially interested parties for an amount in excess of $1,750.00, among other things, the Trustee believes that the purchase price for the Property is fair and is in the best interest of creditors.

WHEREFORE, the Trustee respectful requests this Court to enter an Order granting the approval of the proposed sale of personal property free and clear of liens on the terms described on **Exhibit A** pursuant to Bankruptcy Code § 363.

Dated this 23rd day of January, 2014.

**PARSONS KINGHORN HARRIS**

/s/ Michael D. Kendall
Matthew M. Boley
Michael D. Kendall
*Special Counsel for*
PHILIP G. JONES, TRUSTEE

{00184018.DOCX /}    2

# Exhibit A

## WATER STOCK PURCHASE AGREEMENT

This Water Stock Purchase Agreement ("Agreement") is made as of ~~December~~ January 10, 2013 by and between Phillip G. Jones (hereafter "Seller"), in his official capacity as the duly appointed and qualified trustee of the Chapter 7 bankruptcy estate of Donald Wesley Dennett (Case No. 10-21685, Adv. No. 12-02361), and the Town of Springdale, a Utah municipal corporation ("Purchaser").

### WITNESSETH

WHEREAS, the bankruptcy court in the above referenced action entered an order approving a settlement agreement (Dkt. No. 146) between the Seller and Stewart Ferber ("Ferber"); and

WHEREAS, under Ferber's settlement agreement with the Seller, Ferber assigned to the Seller, and delivered the original Stock Certificate No. 608 evidencing an interest in, his 1/2 share of water stock (the "1/2 Water Share") in the Springdale Consolidated Irrigation Company, a non-profit corporation (the "Company"); and

WHEREAS, Seller wishes to sell to Purchaser and Purchaser wishes to purchase from Seller the 1/2 Water Share upon the terms and subject to the conditions set forth herein.

### AGREEMENT

NOW, THEREFORE, in consideration of the promises and the mutual agreements and covenants hereinafter set forth, Seller and Purchaser hereby agree as follows:

### ARTICLE 1.
### PURCHASE AND SALE

1.1     Conditions of Purchase.

1.1.1   This Agreement for the purchase and sale of the 1/2 Water Share is subject to bankruptcy court approval and notice to creditors; and

1.1.2   This Agreement for the purchase and sale of the 1/2 Water Share is subject to higher and better offers received for the purchase the 1/2 Water Share.

1.2     1/2 Water Share Sold on "As Is" Basis and Free and Clear of Liens, Claims and Encumbrances. The 1/2 Water Share shall be sold by Seller to Purchaser on an "as is" basis. In selling the 1/2 Water Share to Purchaser, Seller is not making any representations or warranties to Purchaser. Upon the execution of this Agreement by all parties, Seller shall move the bankruptcy court for an order approving the sale of the 1/2 Water Share free and clear of liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f).

TS.3.Water.Stock.Purch.Agre.111913.227001.ds slm

1.3 Purchase and Sale of 1/2 Water Share; Purchase Price. Upon the terms and subject to the conditions of this Agreement, Seller shall sell to Purchaser, and Purchaser shall purchase from Seller, the 1/2 Water Share. The aggregate purchase price (the "Purchase Price") for the 1/2 Water Share shall be One Thousand Seven Hundred and Fifty Dollars ($1,750), which shall be paid by Purchaser to Seller within ten (10) calendar days following the Bankruptcy Court's approval and entry of an order approving this Agreement.

1.4 Closing Deliveries by Seller. At the Closing, Seller shall deliver or cause to be delivered to Purchaser each of the following:

1.4.1 The stock certificate evidencing the 1/2 Water Share duly endorsed in blank, or accompanied by stock powers duly executed in blank, in form satisfactory to Purchaser; and

1.4.2 a Bill of Sale evidencing Seller's receipt of the Purchase Price.

## ARTICLE 2.
## MISCELLANEOUS PROVISIONS

2.1 Authorizations, Notifications and Consents; Further Action. Purchaser shall be primarily responsible for obtaining all necessary authorizations, consents, orders and/or approvals that may be or become necessary to facilitate complete delivery of the 1/2 Water Share and clear title thereto. Seller shall cooperate to execute and deliver such documents and other papers, if any, as may be required to carry out the provisions of this Agreement and consummate and make effective the transactions contemplated by this Agreement, including as may be required by the Company itself for the acceptance of this transaction or the reissuance of stock certificates in Purchaser's name.

2.2 Expenses; Attorneys' Fees. All costs and expenses incurred in connection with this Agreement and prior to Closing shall be paid by the party incurring such costs and expenses; however, should a dispute arise as to the respective rights and responsibilities of the parties hereunder, whether or not said dispute is brought before a court for adjudication, then the non-prevailing party in such dispute shall pay the attorneys' fees and costs of the prevailing party.

2.3 Headings. The descriptive headings contained in this Agreement are for convenience of reference only and shall not affect in any way the meaning or interpretation of this Agreement.

2.4 Severability. If any term or other provision of this Agreement is invalid, illegal or incapable of being enforced by any law or public policy, all other terms and provisions of this Agreement shall, nevertheless, remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any manner materially adverse to any party. Upon such determination that any term or other provision is invalid, illegal or incapable of being enforced, the parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the parties as closely as possible in an acceptable manner in order that the transactions contemplated hereby are consummated as originally contemplated to the greatest extent possible.

2.5   Entire Agreement. This Agreement constitutes the entire agreement of the parties hereto with respect to the subject matter hereof and thereof and supersedes all prior agreements, undertakings and representations, both written and oral, between Seller and Purchaser or their respective representatives with respect to the subject matter hereof and thereof.

2.6   No Third Party Beneficiaries. This Agreement shall be binding upon and inure solely to the benefit of the parties hereto and the permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other individual or entity any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Agreement.

2.7   Governing Law. This Agreement shall be governed by the laws of the State of Utah without giving effect to principles of conflicts of law.

2.8   Survival. The respective representations, warranties and covenants of Seller and Purchaser contained herein shall survive the Closing.

2.9   Specific Performance. The parties hereto agree that irreparable damage would occur in the event any provision of this Agreement was not performed in accordance with the terms hereof and that the parties shall be entitled to specific performance of the terms hereof, in addition to any other remedy at law or equity.

IN WITNESS WHEREOF, Seller and Purchaser have caused this Agreement to be executed as of the date first written above by their respective officers thereunto duly authorized.

**SELLER:**

Phillip G. Jones
Bankruptcy Trustee
*In Re Donald Wesley Dennett*
No. 10-21685; Adv. No. 12-02361

**PURCHASER:**

By: _____
Mayor, Town of Springdale

ATTEST:

By: _____
Town Clerk, Town of Springdale